IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GREGORY KELLY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-275-ECM |
| | ) | [WO] |
| ALABAMA HIGH SCHOOL ATHLETIC | ) | |
| ASSOCIATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On May 21, 2025, the Court declared Gregory Kelly ("Kelly") a vexatious litigant "as a consequence of Kelly's vexatious filing of shotgun pleadings" and further ordered that "in the event Kelly files a shotgun pleading in the future, after appropriate review, the Court will summarily dismiss the pleading and action without prejudice." (Doc. 52 at 2 in *Kelly v. Montgomery Water Works & Sanitary Sewer Bd.*, 2:24-cv-348-RAH-JTA (M.D. Ala.)).  Then, on December 15, 2025, the Court ordered that, "[a]s a consequence of Gregory Kelly's vexatious filing of shotgun and frivolous pleadings, and now by and through his wife, Annette B. Kelly, in the event Gregory Kelly or *anyone acting in concert with him*, including Annette B. Kelly, files a shotgun or facially frivolous complaint in the future, after appropriate review, the Court will summarily dismiss the pleading and the action without prior notice." (Doc. 23 at 3 in *Kelly et al. v. Ala. State Port Auth. et al.*, 2:25-cv-825-RAH-JTA) (M.D. Ala.) (emphasis added)).

On April 20, 2026, Gregory Kelly, Annette B. Kelly, and their two daughters (the "Kellys") filed a civil lawsuit against the Alabama High School Athletic Association, Heath Harmon, and Alvin Briggs. (Doc. 1).[1] After careful review, the Court concludes that the complaint is a shotgun pleading because it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions," *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015), and because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *id.* at 1322.  Therefore, based on the Court's prior Orders and pursuant to the Court's inherent authority to manage its docket, this case is due to be dismissed without prejudice.

Accordingly, and for good cause, it is

ORDERED as follows:

1.      This case is DISMISSED without prejudice;

2.      All pending motions are DENIED as moot, and all pending deadlines are TERMINATED;

3.      **As soon as practicable but no later than <u>May 21, 2026</u>, the Kellys shall pick up the service packets in this case from the Middle District of Alabama Clerk's Office, located at 1 Church Street, Montgomery, AL 36104.**

---

[1] In the complaint, the Kellys request a temporary restraining order pursuant to Federal Rule of Civil Procedure 65.  Although this motion is due to be denied as moot, the Court also observes that the Kellys failed to comply with Rule 65 because their allegations are not sworn and they failed to comply with Rule 65(b)(1)(B)'s certification requirement.

2

A separate Final Judgment will be entered.

DONE this 21st day of April, 2026.

               /s/ Emily C. Marks

EMILY C. MARKS
UNITED STATES DISTRICT JUDGE